AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*July 29, 2026*
Nathan Ochsner, Clerk of Court

United States of America
v.
Diego Eduardo Reyes Rubio

*Defendant(s)*

Case No. **4:26-mj-500**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 26, 2026 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Ashley N. Tome, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 07/29/2026

Peter Bray
United States Magistrate Judge

City and state: Houston, Texas

**4:26-mj-500**

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ashley N. Tome, being duly sworn telephonically, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 21, 2025. My law enforcement career began May 21, 2023, as a Customs and Border Protection Officer. I currently have over 3 years of immigration law enforcement experience.

(2) On July 26, 2026, ICE was made aware of the unlawful presence of Diego Eduardo Reyes Rubio (Defendant) in the United States as a result of information provided by the Harris County Sherriff's Office (HCSO) in Harris County, Texas.

(3) On July 28, 2026, HCSO transferred the Defendant to the custody of ICE at the Montgomery Processing Center in Conroe, Texas, for administrative immigration proceedings.

(4) On July 29, 2026, at approximately 10:00 am., ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a).

(5) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(7) Element One: The Defendant is a citizen and national of Mexico and not a native, citizen, or national of the United States.

(8) Element Two: The Defendant has previously been deported or removed from the United States on the following occasions:

1. Removed on February 23, 2024
2. Removed on October 13, 2022

(9) Element Three: After deportation, the Defendant was subsequently found in the United States on July 26, 2026, in Harris County, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph. I am currently still waiting for a response from LESC.

(10) Element Four: The Defendant did not have permission to reenter the United States. On July 29, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(11) Prior Criminal History: The Defendant has the following prior criminal history:

a) On July 27, 2026, Defendant, using the name, Diego Eduardo Reyes, was convicted in the County Criminal Court at Law No. 11 of Harris County, Texas for the Misdemeanor offense of Fail to ID Give False/Fict Info committed on or about February 20, 2024, in Cause No. 249766001010. Defendant was sentenced to 3 Days in County Jail.

b) On September 02, 2022, Defendant, using the name, Diego Reyes, was convicted in the County Criminal Court at Law No. 11 of Harris County, Texas for the Misdemeanor offense of Driving While Intoxicated committed on or about June 20, 2022, in Cause No. 241235001010. Defendant was sentenced to 3 Days in County Jail.

c) On September 01, 2022, Defendant, using the name Diego Eduardo Reyes, was convicted in the 228th District Court of Harris County, Texas for the Misdemeanor offense of Assault – Family Member committed on or about March 29, 2018, in Cause No. 158533001010. Defendant was sentenced to 200 Days in County Jail.

(12) On July 29, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Luis Batarse accepted this case for prosecution for violation of 8 U.S.C. § 1326(a).

Ashley N. Tome, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on 29th day of July 2026, and I find probable cause.

Peter Bray
United States Magistrate Judge